THE EBLING COMPANY, Respondent, *v.* TRINITY ESTATES, INC.,
and Others, Defendants.*
CHARLES AXELROD, Appellant.

First Department, June 29, 1934.

*Maxwell Slade* of counsel [*Henry P. Goulston*, attorney], for the
appellant.

*Eugene Cohn*, for the respondent.

MARTIN, J.   In an action brought by plaintiff to foreclose its
mortgage upon property owned by the Trinity Estates, Inc., a
receiver was appointed to collect the rents of the premises.   Charg-
ing that Charles Axelrod, president of the Trinity Estates, Inc.,
had collected and retained rents which should have been paid to
the receiver, the plaintiff moved to compel him to account and turn
over those rents.   The matter was referred to a referee to take
testimony and report to the court on the facts, including a report
of the rents collected and the disposition made thereof.

The referee, after hearing the witnesses, filed a report to the
effect that the application should be denied.   The Special Term
reached a conclusion directly contrary to that of the referee.   This
appeal is from the order directing the appellant to pay to the
receiver within thirty days the sum of $1,764, the total amount of
rents which he had collected when the order appointing the receiver
was served upon him and which he refused to pay over to the receiver.

On the hearing before the referee it was established that the cor-
porate defendant owned an apartment house upon which the

* Affd., 266 N. Y. 175.

plaintiff held a mortgage. The defendant Axelrod was president of the corporate defendant and practically its only stockholder. The mortgage provided for the appointment of a receiver in the event of default, as well as for the assignment of rents as additional security.

In October, 1932, taxes and interest were due and unpaid. To avoid a foreclosure at that time, the defendant, appellant, personally undertook to pay the interest and taxes by January, 1933. He paid the interest but not the taxes.

On February 25, 1933, the defendant Axelrod and the plaintiff's president had an interview. The former was still anxious to avoid a foreclosure but the mortgagee refused to further consider the matter unless Axelrod fulfilled his obligation to pay the tax arrears as agreed the preceding October.

The parties met again on February 27, 1933, and the appellant gave plaintiff's president his check for $2,000 to the order of the plaintiff and they agreed on certain other terms. At that meeting it was agreed that the interest was to be reduced from five and three-quarters per cent to four per cent. There was to be no foreclosure and no receivership. Twelve notes were to be given for the 1932 taxes and the interest about to become due, and each note was to be for one-twelfth of the total. The rents were to be assigned to the plaintiff. The agreement was to be reduced to writing and the matter concluded. The respondent says that at that time the appellant asked for an adjournment, stating that he had no intention of collecting the rents due in two days. The parties again met and failed to come to an agreement. In the meantime the appellant had collected the March rents and received the sum of $1,904. He paid out $140 to the superintendent of the building. It is stated that in order to collect the moneys so promptly he informed the tenants that he needed it to pay interest on the mortgage and he offered reductions to a number of tenants in consideration of their payment of the rent.

When served with the order appointing the receiver, the appellant refused to turn the money over to him. This proceeding was then commenced.

On the day on which the agreement was to be executed, the respondent insisted upon a personal guaranty of the notes by the appellant. He refused to give such personal guaranty and negotiations were ended. The appellant then stopped payment on his check upon the ground that the respondent did not carry out its part of the agreement.

The referee found that the appellant Axelrod collected rents amounting to $1,904 and placed that amount in his personal account,

which had been his practice for some time prior thereto, there being no bank account in the name of Trinity Estates, Inc.

The appellant testified and produced vouchers showing that the entire amount collected and an additional sum was disbursed by him for the Trinity Estates, Inc., for materials and services furnished for the premises. The respondent concedes that $140 was paid for janitor service, but refuses to give credit for the other disbursements but has offered no evidence to contradict that of the appellant to the effect that every dollar collected as rent was disbursed for the benefit of the property.

There appears to be no doubt but that the Trinity Estates, Inc., being the landlord at the time the rents were collected, had the absolute right to collect the rents. The fact that the rents were disbursed for the benefit of the property was sufficient to warrant the conclusion reached by the referee. The additional ground that the rents belonged to the Trinity Estates, Inc., and not respondent would be sufficient to warrant the granting of the motion to confirm the very carefully prepared report rendered by the referee.

There appears to be no ground whatever for directing that the rents be turned over to the respondent, for the reason that the respondent had no right or title thereto. If the action taken by the Special Term is based upon the ground that appellant misled the respondent and negotiated for a time sufficiently long to give appellant an opportunity to collect the rents, that seems to be met by the fact that these negotiations failed through no fault of the appellant.

When the agreement was made there was no obligation on the part of the appellant to personally guarantee the notes or the performance of the agreement, and that is not only admitted by the respondent's witnesses, but they also admitted that when the agreement was reduced to writing, for the first time this guaranty was referred to and insisted upon by respondent. The respondent's witnesses differ with reference to this matter. They all seem to agree that appellant was not personally to guarantee the carrying out of the contract or the payment of the notes given by the appellant and the main witness for respondent testified that no such guaranty was demanded, while the other witnesses for respondent, who prepared the agreement, admit that such a personal guaranty was inserted therein and that the appellant refused to sign any such guaranty.

The testimony before the referee established (1) that all the rents collected by the appellant Axelrod were received prior to the appointment of the receiver; (2) that he fully accounted for the rents collected, and (3) that the failure to enter into the agreement was not due to appellant's refund but through the fault of the respondent.

We find no ground, therefore, for rejecting the report of the referee and have reached the conclusion that it correctly recites the facts and follows the law governing the subject.

The order should be reversed, with twenty dollars costs and disbursements, and the report of the referee in all respects confirmed.

O'MALLEY and TOWNLEY, JJ., concur; FINCH, P. J., dissents and votes to affirm on opinion at Special Term.

Order reversed, with twenty dollars costs and disbursements, and the report of the referee in all respects confirmed. Settle order on notice.